As noted above, the theory of defendant's case was that he discharged his gun at the door to scare off intruders. When defendant fired two shots at the door knowing that someone was on the other side, he should have realized that he was creating a substantial risk of causing, at the least, serious physical injury. Thus, the issue injected into this case was the lawful use of *deadly force* and not the lawful use of mere *physical force*. The trial court was not required to give and properly refused a defense of premises instruction.

Additionally, defendant requested a self-defense instruction, patterned on MAI–CR2d 2.41.1, and a defense of others instruction, based on MAI–CR2d 2.41.2, both of which were given to the jury. These two instructions set forth the defense of the lawful use of deadly force, which was the linchpin of defendant's case.[4] Defendant's fourth point is denied.

The judgment of the trial court is affirmed.

KELLY and PUDLOWSKI, JJ., concur.

William J. Shaw, Public Defender, Robert J. Maurer, Mary E. Dockery, Clayton, for appellant.

Carrie Diane Francke, Asst. Atty. Gen., Jefferson City, for respondent.

### ORDER

PER CURIAM:

Direct appeal from a jury conviction for assault, first degree, in violation of § 565.-050, RSMo 1978 [1], armed criminal action, in violation of § 571.015, RSMo 1978, and burglary, first degree, in violation of § 569.-160, RSMo 1978.

Judgment affirmed. Rule 30.25(b).

---

**STATE of Missouri, Respondent,**

v.

**Lawrence D. FREUKES, Appellant.**

No. 49351.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 4, 1986.

Motion for Rehearing and/or Transfer
Denied March 4, 1986.

---

**STATE of Missouri, Respondent,**

v.

**Terry KNIGHT, Appellant.**

No. 49743.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 4, 1986.

Motion for Rehearing and/or Transfer
Denied March 4, 1986.

---

4. We express no opinion as to whether defendant was entitled to a self-defense instruction and a defense of others instruction under the facts of this case.

1. Section 565.050 was amended in 1983, subsequent to the events herein.